WILLIAM M. FERRY AND NANCY H. FERRY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ferry v. Commissioner
Docket No. 5624-80.
United States Tax Court
T.C. Memo 1981-533; 1981 Tax Ct. Memo LEXIS 213; 42 T.C.M. (CCH) 1165; T.C.M. (RIA) 81533; September 22, 1981. Albert Theodore Powers, for the petitioners. Debre P. Katz, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioners' Federal income tax for the taxable year 1977 in the amount of $ 243.34. The issue for decision is whether, in computing "averagable income" for purposes of income averaging for 1977, base period income under section 1302 [1] for any pre-1977 tax year may ever be less than the applicable zero bracket amount. [2]
This case was submitted fully stipulated; the stipulation and the stipulated exhibits are incorporated herein by this reference. Petitioners William M. and Nancy H. Ferry resided in Nashville, *214 Tennessee, when they filed their petition in this case. They filed joint Federal income tax returns for the taxable years 1973 through 1977 with the Internal Revenue Service Center at Ogden, Utah. On their 1977 joint Federal income tax return, petitioners elected to compute their tax liability by use of the income averaging provisions contained in sections 1301 through 1305, attaching for that purpose Schedule G of Form 1040 to their return. The computations relating to base period income for 1973 through 1976 reflected on that Schedule are as follows: 1976
1975
1974
1973
Taxable income
$ 7,536
$ (2,300)
$ (3,200)
$ 2,471
Income excluded under
secs. 911 & 931
Zero bracket amount
3,200
3,200 3,200 3,200
"Base period income
(add lines 1, 2,
and 3). If less
than zero, enter
zero."
$ 10,736
$ 900 $ 5,671
The parties agree that (1) petitioners' computations of base period income for 1973 and 1976 are correct, and (2) for 1974 and 1975 petitioners' adjusted gross income less itemized deductions and exemptions was ($ 3,200) and ($ 2,300), respectively. Respondent contends that the negative amounts shown as taxable income *215 for 1974 and 1975 are to be adjusted upward to zero before adding the $ 3,200 zero bracket amount thereto. Petitioners contend that ther $ 3,200 zero bracket amounts are to be added to the negative taxable income amount shown in the table, supra, and that only the sums are to be adjusted upward to zero. We agree with respondent. We recently decided this same question in the respondent's favor. Monson v. Commissioner, 77 T.C.     (July 23, 1981). Our decision in Monson is dispositive of the issue in the present case. We hold for respondent. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended. ↩
2. In the instant case, $ 3,200.↩